# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GLENN HARLOW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:04-cr-05025 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## SENTENCING MEMORANDUM

Glenn Harlow respectfully submits the following sentencing memorandum, to assist this Court's determination in his re-sentencing, scheduled to occur on October 15, 2018.

The first part of this memorandum sets forth objections to the presentence report addendum ("PSA"). The second part of the memorandum provides a re-sentencing recommendation. Mr. Harlow respectfully requests that the Court impose a sentence on Count I, felon in possession with a firearm, of no more than 78 months, which would be the top of his Guidelines as calculated in the PSA. Additionally, Mr. Harlow requests that he be sentenced again to an 8 month total sentence on Count II, for failure to appear.

# PART ONE: PSA OBJECTIONS

Mr. Harlow lodges the following objections to the PSA.

## I.      Maximum punishment pursuant to 18 U.S.C. § 3146.

The PSA states that the maximum term of imprisonment is 10 years on Count II pursuant to 18 U.S.C. § 3146 (the failure to appear count), "plus . . . 10 years consecutive for the 18 U.S.C. § 3147 enhancement." PSA, ¶ 72. This is a mistake.

The PSA correctly notes that, based on the Eighth Circuit's remand for re-sentencing, Mr. Harlow's "currently imposed sentence of 180 months is now a *per se* illegal sentence" on Count I, the felon in possession count. PSA, pg. 1. The PSA also goes on to correctly analyze that, without the improper ACCA enhancement, Mr. Harlow's maximum term of imprisonment is 10 years on Count I. PSA, ¶ 72.

What the PSA neglects to analyze is that this change in range of punishment on Count I, also impacts the statutory range of punishment on Count II, the failure to appear count as it pertains to 18 U.S.C. § 3146. 18 U.S.C. § 3146(b)(1) outlines the statutory range of punishment on Count II:

> The punishment for an offense under this section is--
>
> (A)   if the person was released in connection with a charge of, or while awaiting sentence, surrender for service of sentence, or appeal or certiorari after conviction for--

> (i) an offense punishable by death, life imprisonment, or imprisonment for a term of 15 years or more, a fine under this title or imprisonment for not more than ten years, or both;
> (ii) an offense punishable by imprisonment for a term of five years or more, a fine under this title or imprisonment for not more than five years, or both;

*Id.*

Because Mr. Harlow's maximum sentence on Count I dropped from fifteen years to ten years because he is no longer an ACCA offender, it must follow that his maximum sentence must also drop from ten years to five years as it pertains to § 3146(b), based on the above unambiguous language of the statute. Stated another way, because Mr. Harlow's permissible range of punishment on Count I is not "15 years or more" without the ACCA enhancement (the maximum is now 10 years on Count I), the maximum he may be sentenced to is five years based on 18 U.S.C. § 3146(b)(1)(A)(ii).[1]

## II. Mr. Harlow's criminal history score.

The PSA also recalculated Mr. Harlow's criminal history score, and in doing so added a conviction that was pending when the district court originally sentenced Mr. Harlow. *See* PSR ¶ 43. Without this additional criminal conviction, the PSR concedes that Mr. Harlow's criminal history

---

[1] Mr. Harlow acknowledges that the PSA correctly notes that he may also be punished up to an additional ten years on Count II, pursuant to 18 U.S.C. § 3147.

3

score would be eight instead of ten, which would drop him from criminal history category five to four. *Id.*

Mr. Harlow concedes that binding authority from the Eighth Circuit provides that this Court must count this new conviction in calculating his criminal history score, but still raises an objection to preserve the record because a circuit split exits on this issue.

The Guidelines define the term "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense." *Id.* § 4A1.2(a)(1). The first comment to section 4A1.2(a) gives further meaning to this definition: "'Prior sentence' means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense." *Id.*

The relevant question courts must decide "is 'prior' to what, the original sentence or the resentencing sentence?" *United States v. Burke*, 863 F.3d 1355, 1358–59 (11th Cir. 2017) (quoting *United States v. Ticchiarelli*, 171 F.3d 24, 35 (1st Cir. 1999). "The circuits are split on this question." *Id.*

The Eighth Circuit has held that when a defendant's initial sentence is vacated, a sentencing court shall add criminal history points for any unrelated sentences imposed after the initial sentencing but before resentencing. *United States v. Tidwell*, 827 F.3d 761, 764 (8th Cir. 2016) ("At that time, Tidwell's [intervening] conviction was plainly a 'prior sentence,' that is, 'a sentence imposed prior to sentencing on the instant offense.'" (quoting U.S.S.G. § 4A1.2 cmt. 1)).

The First Circuit, in contrast, has held that "the most sensible reading is that the [G]uidelines' reference to 'prior sentence' means, in this context, a sentence which is prior to the original sentence which was vacated and remanded only for resentencing." *Ticchiarelli*, 171 F.3d at 35.

Mr. Harlow objects because he respectfully submits that *Tidwell* was wrongly decided, but concedes that this Court is bound to apply *Tidwell*.

## PART TWO: SENTENCING RECOMMENDATION

### I. Mr. Harlow should be sentenced to a Guidelines sentence.

Mr. Harlow respectfully requests that the Court impose a sentence of no more than 78 months' imprisonment on Count I, which would be the top of his Guidelines as calculated in the PSA.

At his original sentencing hearing, Mr. Harlow was sentenced to the statutory minimum sentence of 180 months on Count I as an ACCA offender, which was of course a within Guidelines sentence. He received nearly the

5

statutory minimum on Count II, being sentenced to an additional eight months total pursuant to 18 U.S.C. §§ 3146 and 3147.

A within Guidelines sentence on Count I is appropriate again, because at the original sentencing hearing, the district court made it apparent that its hands were tied in imposing the 188 month sentence. On more than one occasion, the district court stated that it was "required to impose the statutory minimum of 180 months." (Sent Tr. 21; 24). The district court also stated that the consecutive sentences required by Count II pursuant to § 3146 and the sentencing enhancement of § 3147 were "required" and a "problem." (Sent. Tr. 18; 21).

Any notion that Mr. Harlow could or should be once again sentenced to 188 months has been considered---and already rejected---- by the Eighth Circuit prior to remanding this matter for resentencing. "That leaves the question whether we should find the purported error harmless and affirm because the district court wrote [in denying the § 2255 in 2016] that it 'once again finds ... a 188 month total term of imprisonment ... an appropriate and reasonable sentence." *Harlow v. United States*, 720 F. App'x 805, 807 (8th Cir. 2018) (quoting district court's order denying § 2255). Three judges on the Eighth Circuit considered this argument, and concluded the following:

"Because we rejected a similar argument in a recent case, *we think not*." *Id.* (emphasis added).[2]

Mr. Harlow has made mistakes in his past by engaging in criminal conduct, and does not maintain to the contrary. But those convictions are already reflected in his criminal history score, and therefore are adequately represented in a guidelines range sentence by this Court. Thus, he should be sentenced to a within guidelines sentence by this Court.

## II. Mr. Harlow should be sentenced once again to eight months on Count II, the failure to appear count.

At the outset, Mr. Harlow's sentence on Count II should not be disturbed by this Court, because the Court of Appeals did not remand this matter for re-sentencing on Count II. Rather, it reversed and remanded because "the case still shows a fifteen-year sentence on count one – a sentencing in excess of the statutory maximum without the ACCA enhancement." *Harlow*, 720 Fed.App. at 807, fn 2. Thus, there is no basis to re-sentence Mr. Harlow on Count II.

The Eighth Circuit has previously held that "[§] 2255 affords the court broad and flexible power in correcting invalid convictions or sentences." *Gardiner v. United States*, 114 F.3d 734, 736 (8th Cir. 1997); *see*

---

[2] The government also requested that the panel of the Eighth Circuit reconsider its judgment in a petition for rehearing, but that request was summarily denied by the Court of Appeals.

*also United States v. Harrison*, 113 F.3d 135, 137 (8th Cir. 1997) ("The statute gives district courts broad and flexible remedial authority to resentence a defendant and to correct the sentence as appropriate.").

However, the Eighth Circuit has recently held that while revisiting the entire sentence was an option under § 2255 in certain cases, those cases dealt with "resentencing a defendant who had been sentenced based on multiple convictions that were interdependent." *United States v. Ritchison*, 887 F.3d 365, 368 (8th Cir. 2018). Specifically, *Ritchison* pointed out that why *Gardner* and *Harrison* do not apply to this case:

> Gardiner, 114 F.3d at 736 ("[T]he only reason resentencing is even at issue ... is because the § 924(c) sentences were intertwined with the drug trafficking sentences in the original proceedings."); Harrison, 113 F.3d at 137–38 (§ 924(c) conviction and drug conviction were interdependent for purposes of sentencing, and thus "the terms of imprisonment imposed on the gun and drug convictions constitute a 'sentence' within the meaning of § 2255").

*Ritchison*, 887 F.3d at 368.

Here, in Mr. Harlow's case, Count I and Count II are not "intertwined" or "interdependent." Rather, the crimes charged against Mr. Harlow were distinct from one another for two reasons. *First,* the crimes took place at distinct times with Count I having been committed on July 6, 2004, and Count II having been committed on March 13, 2006. Because these crimes were committed almost two years apart from one another, it highlights why

8

they are unrelated. *Second*, the substantive nature of the crimes committed in Counts I and II are distinct and different: one is a firearms offense, and the other is a crime related to the failure to appear in court.

Thus, *Ritchison* helps highlight why Mr. Harlow's crimes are distinct from the crimes analyzed in *Gardiner* and *Harrison*, where the § 924(c) convictions were literally interdependent with the other counts at the resentencing hearing. *See also United States v. Salas*, 889 F.3d 681, 688 (10th Cir. 2018) (vacating § 924(c) conviction because arson offense did not support conviction because it was not a "crime of violence"). For all of these reasons, it is respectfully submitted that this Court lacks authority or jurisdiction to re-sentence Mr. Harlow on Count II.

Alternatively, for the same reasons highlighted above in Section I (that will not needlessly be repeated herein), Mr. Harlow should be sentenced once again to a total of eight months on Count II, for his conviction for failure to appear based on 18 U.S.C. §§ 3146 and 3147. Simply put, a total sentence of eight months on Count II is a just, fair, and appropriate sentence for the crime of failing to appear, where Mr. Harlow absconded for approximately three months. At his original sentencing hearing, the district court stated that the consecutive sentence required by Count II pursuant to § 3146 and the sentencing enhancement of § 3147 were "required" and a "problem." (Sent. Tr. 18; 21).

9

Mr. Harlow should also be sentenced to eight months on Count II, because his guidelines range already has taken into account that he committed a crime while Count I was pending, because the PSA added three levels to his base offense as a statutory sentencing enhancement under 18 U.S.C. § 3147. *See* PSR ¶ 30. Thus, there is no need to punish him yet further than eight months total on Count II, because his guidelines sentence already encompasses that criminality of 18 U.S.C. § 3147.

Based on the totality of the circumstances, this Court should impose the same total sentence of eight months on Count II.[3]

### III. Sentencing hearing

Mr. Harlow will make a further oral presentation at the sentencing hearing, why he should receive a Guidelines sentence on Count I, and a sentence of eight months imprisonment on Count II.

Respectfully submitted,

/s/ Dan Goldberg
Dan Goldberg
Assistant Federal Public Defender
818 Grand Avenue, Suite 300
Kansas City, Missouri 64106
(816) 471-8282

---

[3] The PSA notes that the Guidelines require that a "total punishment" allocation of the sentence under § 3147. *See* PSA, ¶73 (analyzing USSG 3C1.3). To do so, it is respectfully submitted that this Court should allocate four months of the sentence on Count I towards § 3147.

10

## CERTIFICATE OF SERVICE

     It is CERTIFIED that the foregoing was electronically filed on this 19th day of September, and that a copy was e-mailed to all parties pursuant to the ECF system.

                                            /s/ Dan Goldberg
                                            Dan Goldberg