IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GLENN HARLOW,<br><br>　　　　Defendant. | Case No: 04-05025-01-CR-SW-BCW |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter, set for a re-sentencing hearing on October 25, 2018. For the reasons set forth below, the Government recommends that this Court sentence the defendant, Glenn Harlow, to 188-months' imprisonment, followed by a five-year term of supervised release.

### I. FACTUAL BACKGROUND

On July 6, 2004, Officer Matt Shuster of the Mount Vernon Police Department was dispatched to the intersection of Hazel and South Streets in reference to a report of the unlawful use of fireworks. Upon arrival, Officer Shuster made contact with the defendant, Glenn Harlow. The defendant had been warned on three previous occasions to discontinue his use of fireworks by the officer. The defendant initially lied to Officer Shuster and denied using fireworks, then reluctantly admitted that he had in fact been discharging fireworks.

During the course of the encounter, Officer Shuster noted an unusual bulge in the defendant's pocket. The officer asked the defendant for permission to conduct a pat-down search. The defendant immediately took a step backward and told the officer not to touch him, while shielding his pocket with his hand. The officer advised the defendant that if the item concealed is his pocket was only a misdemeanor offense, he would not issue a citation. The defendant then reached in his pocket and began to manipulate the unseen object. After hearing the object make a clicking sound, the officer drew his service weapon, and told the defendant to empty his pocket. The defendant complied and withdrew a Raven Arms, .25 caliber pistol from his pocket. The defendant, a convicted felon, was then arrested.

On September 16, 2004, a federal grand jury seated in Springfield, Missouri, returned a one-count indictment, charging the defendant with being felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The defendant appeared before United States Magistrate Judge James C. England on September 20, 2004 for a detention hearing. The Magistrate ultimately released the defendant from custody on a $25,000.00 unsecured bond.

The defendant pleaded guilty to the indictment on August 25, 2005, without benefit of a plea agreement. The matter was thereafter set for a sentencing hearing on March 13, 2006, before United States District Judge Dean Whipple. The defendant failed to appear for the hearing, resulting in a warrant being issued for his arrest.

On June 28, 2006, members of the Southern Missouri Fugitive Task Force, along with the United States Marshals Service, tracked the defendant to the Miracle Factory, in Monett, Missouri. As the defendant attempted to leave the parking lot, task force officers blocked the exit, prompting the defendant to drive around the roadblock. In the process, the defendant

nearly ran over one of the members of the task force. The task force members briefly pursued the defendant, but discontinued the chase due to safety concerns.

Later the same day, task force officers again located the defendant, after finding his vehicle concealed in a nearby outbuilding. After surrounding the residence, law enforcement officers demanded that the defendant exit the building or they would obtain a warrant to enter by force. The defendant then voluntarily exited the residence and surrendered to the assembled officers.

On September 21, 2006, a superseding indictment was returned, charging the defendant with failing to appear, in violation of 18 U.S.C. § 3146, in addition to the original count. The defendant pleaded guilty to the superseding indictment on November 21, 2006 without a plea agreement.

The defendant was sentenced by Judge Whipple on June 14, 2007, to consecutive terms of imprisonment of 180 months on Count One (as an "armed career criminal" under 18 U.S.C. § 924(e)), and four months as to Count Two, and an additional four months based on the enhancement in 18 U.S.C. § 3147, for an aggregate sentence of 188 months' imprisonment.

## II. ARGUMENT

The defendant is now scheduled to appear before the Court for re-sentencing after being granted relief pursuant to the provisions of 28 U.S.C. § 2255. The defendant, despite his egregious criminal history, and demonstrated lack of respect for the law, suggests that this Court impose a sentence of "no more than 78 months." (Harlow Memo. 1). The Government respectfully submits that the defendant's actions in the instant offense, the obvious wrongfulness of his conduct, compounded by his abject inability to obey the law, support the

3

imposition of the identical sentence originally imposed by the Court, that 188 months' imprisonment.

### A. Statutory and Guidelines Calculations

The United States Sentencing Guidelines are now advisory, but they remain "the starting point and the initial benchmark" in sentencing. *Gall v. United States,* 552 U.S. 38, 49-50 (2007). The Guidelines must be properly calculated and considered, but ultimately the Court must craft a sentence that sufficiently accounts for the sentencing factors and objectives outlined in 18 U.S.C. § 3553(a). *Id.* at 49-50. "A sentence is substantively reasonable when the length of the sentence reflects the gravity of the crime and the § 3553(a) factors as applied to the case." *United States v. Martinez-Barragan*, 545 F.3d 894, 905 (10th Cir. 2008).

In this case, the resentencing addendum to the presentence report concludes that the defendant's advisory Guideline range of imprisonment is 63 to 78 months' imprisonment. The Government, after carefully reviewing the calculations contained in the addendum, has no objections to the conclusion of the United States Probation Office. The defendant has objected to the criminal history points assessed to the defendant by virtue of a conviction sustained after he was originally sentenced in this case. The defendant, however, concedes that the imposition of the two criminal history points was valid under binding Circuit precedent. Consequently, both the defendant and the Government are in agreement that the calculations contained in the resentencing addendum are correct under current law.

Nevertheless, the Government maintains that the sentence originally imposed remains appropriate given the defendant's egregious criminal history, the nature and circumstances of the offense, and the defendant's abject failure to respect the law. The defendant cites no change in circumstances that justifies cutting his original sentence by more than 50%. This assessment

4

was expressly adopted by Judge Whipple in his order denying the defendant's § 2255, concluding that "after reviewing the record, the Court once again finds that a 188-month total term of imprisonment is an appropriate and reasonable sentence regardless of whether Movant qualifies for an enhancement under the ACCA." (*Harlow v. United States*, No.16-05052-CV-W-DW, DCD 7 at 3).

### B.     Statutory Sentencing Factors

#### 1.    Nature and Circumstances of the Offense

As noted above, the defendant was arrested after a brief, but dangerous encounter with a police officer investigating a fireworks complaint. The defendant's failure to comply with the officer's request to conduct a pat-down, compounded by his manipulation of a loaded firearm, elevated this rather innocuous call into an armed confrontation. It should be noted that the defendant had only been recently released from the Missouri Department of Corrections at the time of the incident.

The defendant, while on bond, was cited by United States Pretrial Services for being cited for assault, and consuming alcohol. Despite these violations of the conditions of his release, no averse action was recommended by the defendant's pretrial services officer. The defendant, nearly one year after being indicted, finally entered a plea of guilty on August 25, 2005. The defendant remained on bond pending the sentencing hearing.

The defendant failed to appear for his sentencing hearing, resulting in his bond being revoked and a warrant issued for his arrest. The defendant remained a fugitive from justice until June 28, 2006. The defendant was taken into custody after nearly striking a law enforcement officer and leading the officers on a pursuit that was abandoned due to the danger posed to the public. As result of the defendant's deliberate and dangerous efforts to avoid the

5

consequences of his misbehavior, the Government filed a superseding indictment charging the defendant with failure to appear.

## 2. History and Characteristics of the Defendant

The defendant was 23 years old at the time of his arrest for unlawfully possessing a firearm. The defendant, at that time, had already amassed seven felony convictions, as well as five misdemeanor convictions. As the Court is aware, three of those convictions were regarded as violent felony offenses under the Armed Career Criminal Act at the time of the offense.

The facts underlying these convictions are far more egregious than typical. The defendant's first set of felony convictions were predicated upon an episode where the defendant broke into a private residence while the homeowners were attending church, and stole a rifle and tools. Not content to merely deprive the property owners of their possessions, the defendant also destroyed a refrigerator, wood stove, television, stereo system, music instruments, a ceiling fan, and jewelry box. Incredibly, the defendant received a suspended sentence, and placed on probation. The defendant's probation was revoked just seven months later for a litany of violations. The defendant served almost his entire sentence in administrative segregation and was never paroled.

The defendant was arrested just six months after committing the aforementioned burglary by the Springfield Police Department. The arresting officers made contact with the defendant in connection with another burglary investigation. The defendant was in possession of a number car stereo systems that had stolen in earlier automobile burglaries as well as a quantity of marijuana. A pry bar with glass fragments on the tip was also located the vehicle. Due to an error, the defendant's van was released to him before it could be processed, resulting in no charges being filed in connection with the burglaries.

6

The defendant continued his crime spree by burglarizing a business on November 13, 1999. The defendant, in the course, of committing this crime damaged the business by shooting the front door and windows, causing extensive damage. A few days later, the defendant attempted to crash his vehicle into two police cars, creating a grave risk of death or serious physical injury to the officers occupying the cars in question. Once apprehended, the defendant was found to be in possession of a short barrel rifle, and methamphetamine. During the course of his three-year term of incarceration, the defendant accumulated 77 disciplinary actions. The defendant was released from prison on November 16, 2003, approximately eight months before he was arrested for the instant offense of being a felon in possession of a firearm.

While awaiting trial on the instant offenses, the defendant was charged with third degree assault and forgery. The defendant was later convicted of forgery in the Circuit Court for Lawrence County and sentenced to a one-year term of imprisonment.

The defendant has spent less than one year of his adult life outside the supervision of the court or imprisoned.

### 3. Need to Promote Respect for the Law

Given the defendant's abject inability to obey the law, the conditions of his probation, his repeated and gratuitous acts of criminality, as well as his willingness to deliberately disregard the orders of this Court, it is of no little importance that the sentence imposed by the Court should impress upon the defendant that his continued disregard of the law will have serious consequences. The defendant has been afforded multiple opportunities to discontinue his criminal career. The defendant obtained his GED while in prison and reports that he is an experienced welder and cook. Despite these accomplishments, the defendant continued to

engage in violent and life-threatening behavior. Reducing the defendant's sentence will only reinforce the defendant's profound lack of respect for the law.

### 4. Need to Afford Adequate Deterrence to Criminal Conduct

It would appear that the only mechanism to ensure the defendant is deterred from engaging in criminal conduct is incarceration. A sentence of 188-months' imprisonment will unquestionably prevent the defendant from committing additional crimes for the remaining length of his incarceration. Presumably, the recognition that there is a serious consequence for failing to abide by the law and the mandates of the courts will deter the defendant from committing future illegal acts. Moreover, reducing the defendant's sentenced will only embolden the defendant to engage of further criminality.

### 5. Need to Protect the Public from Further Crimes of the Defendant

The defendant has amassed a remarkable criminal history in a very short time. Many acts were incredibly dangerous and placed the lives of numerous innocent bystanders in jeopardy. The defendant's repeated efforts to injure law enforcement officers is of grave concern. Consequently, the re-imposition of the original sentence is fully warranted to protect the public from the further predations of the defendant.

### 6. Need to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment

The defendant also has long-term and persistent addiction to controlled substances. Clearly, if the defendant has not already availed himself of such services, substance abuse treatment is profoundly important for the defendant to become a productive member of society.

## III. CONCLUSION

The sentence imposed on the defendant must necessarily protect the public from the defendant's predations, afford an adequate deterrence to criminal conduct, reflect the seriousness of the offense, promote respect for the law, and, perhaps most importantly, provide just punishment for the offense. In this case, the sentence originally imposed in this case satisfies the interests of justice.

Respectfully submitted,

Timothy A Garrison
United States Attorney


*/s/ James J. Kelleher*_____
JAMES J. KELLEHER
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 15th day of October, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

>	*/s/ James J. Kelleher*
>	JAMES J. KELLEHER